(Columbiana Co., O., Common Pleas, 1899.)

\* TIMOTHY CONNORS v. GOLDING & SONS COMPANY.

---

1. To hold an employer liable for injuri s received by an employe through the negligence of another employe, it must appear by a preponderance of the evidence that, for the time being at least, such other employe was the representative of the employer in that he had some authority or control over the plaintiff in connection wth the work which plaintiff was then engaged in. It is immaterial by what manner such other employe was commissioned with such authority if in tact he had it. There need be no express direction or instruction from some one in authority, in order to constitute him the representative of the employer.

2. The omission by plaintiff to use the safety devices provided for the purpose, would not be such negligence on his part as would prevent his recovery of damages, if the defendant was guilty of negligence.

3. The negligence of 'efendant shown by the evidence must be the negligence complained of in the petition; it is immaterial whether or not the defendant was negligent in other respects.

4. The measure of damages would be the loss of time, considering the value of plaintiff's services; the physician's fees and all expenses incurred to effect a cure, and nursing; and also allowance for physical suffering or pain endured by reason of the injury, and if the injury is permanent, such allowance as is proper taking into consideration his earning capacity.

\* Judgment affirmed by the circuit court, September term, 1894, and by the supreme court, without report, 33 W. L. B., 330, 53 Ohio St., 647.

---

Timothy Connors commenced an action in the court of common pleas of Columbiana county against The Godling & Sons Company, to recover damages for a personal injury. The Golding & Sons Company owned and operated a mill for grinding flint, for use in the manufacture of pottery, at East Liverpool, and Connors was an employe in the mill as "cylinder man."

The flint was ground placing a charge in a horizontal cylinder, together with a quantity of hard pebbles. There was an opening in the side of the cylinder for putting in and with-

drawing the charge. After the cylinder was charged this opening was closed by a head, which was bolted in its place, so as to retain the charge in the cylinder while in process of reduction, and the cylinder was then started and rotated for some six hours, when it was stopped, with the head closing the opening on the upper side. The head was then removed and—if the charge was found to be reduced to proper condition—a screen was bolted in the opening, and by rotating the cylinder; the finely reduced flint was sifted out and the cylinder was ready for another charge.

There were six of these cylinders in the mill. They were driven by means of a large engine, the power being connected by means of a line shaft driven by the engine on which pulleys were placed at proper positions which were connected by belts with pulleys on the shafts of the several cylinders; so that either of the cylinders could be stopped, discharged, charged again and started, independent of the others, and without the engineer's notice or a change of engine speed.

The cylinders were raised above the general floor of the mill some ten feet, and were enclosed in boxes built separately around each, and there was a platform above the level of the cylinders, for the purpose of reaching the machinery and cylinders; over the middle of each cylinder there was an opening with a door to close the same when not necessarily open, and through this opening the cylinders were charged, the manhead put on, taken off, etc.

The mode of removing the manhead was for the cylinder man to stop the motion of the cylinder by throwing the belt, by means of a lever, from the pulley which operated the cylinder to a loose pulley on the shaft; he then opened the door in the platform, stepped down on the standing cylinder, removed the manhead, put in the screen, and returning to the platform started the cylinder in motion so as to screen out the reduced charge.

The lever used to throw the belt on and off, to start and stop the cylinder, was extended below the platform, so that the cylinder might, when necessary, be started, or stopped, from below.

'Charge to the Jury.

BILLINGSLEY, J.

Gentlemen of the Jury: You should approach the consideration of this case with your minds absolutely free from prejudice against or sympathy for either of the parties, the plaintiff or defendant. It is the imperative duty of the jury to consider this case and decide it precisely the same as you would if it was a suit between two individuals, and the fact that the plaintiff is an individual and the defendant is a corporation should make no difference to you whatever.

In considering and deciding this case, you should look solely to the evidence for the facts, and to the charge of the court for the law of the case, and find your verdict accordingly without reference to who is plaintiff or who is defendant. It is improper for counsel in the argument of the case to state any matter or thing bearing upon the questions of fact, and claimed to be within his personal knowledge, or which may have been stated to him by others not appearing as witnesses in the case, or which may have been stated to him by others not appearing as witnesses in the case, or which has not been mentioned in the evidence in the case, and it will be your duty to disregard all such statements, and to arrive at your verdict upon the evidence actually given in the case, without placing any reliance upon, or giving credit to, statements of counsel not supported by evidence.

The plaintiff claims that, by reason of the injuries of the defendant, he has received a personal injury, and brings this suit to recover damages from the defendant for such injury. In his petition filed in this case, the plaintiff states that he was employed by the defendant to perform the duty of charging and discharging cylinders, used by defendant in its flint mill for the purpose of grinding flint; that in discharging and recharging such cylinders it was the plaintiff's duty to disconnect such cylinders from the machinery which propelled it, and to have it remain disconnected while he was discharging and recharging the cylinder; and that while plaintiff was engaged in discharging one of the cylinders in defendant's mill, and while he was standing on that cylinder where it was necessary for him to be for that purpose, one Benjamin Wilkinson, who, plaintiff claims, was then in charge of defendant's works, and having the entire management thereof, and the supervision of plaintiff and other employes, with full authority and power from the defendant to control and direct the plaintiff and other employes of the defendant, without any notice to the plaintiff, and without making any effort to ascertain the whereabouts of plaintiff, and well knowing the manner in which it was necessary for plaintiff to perform the work aforesaid, and knowing the dangerous nature thereof, and knowing it was about the time when said cylinder should be emptied and recharged, threw the belt on the pulley on one of said cylinders on which the plaintiff was then standing, and thereby caused the same to revolve rapidly, and draw the body of the plaintiff between said cylinder and the frame surrounding the same, thereby crushing, bruis-

ing and mangling the body of plaintiff so as to break his leg in two places, crush the ankle thereof, break his collar bone, and thereby bruise, cut, and sprained his back and otherwise caused the plaintiff serious bodily injury, causing him to suffer great pain, and incapacitating him for labor, and permanently disabling him; by reason of which he has incurred large expenses in securing medical and other attendance, to the damage of the plaintiff in the sum of ten thousand dollars.

To this petition the defendant has filed its answer, which contains three defenses. By the first, the defendant denies each and all the allegations contained in the plaintiff's petition, and in the second defense, the defendant claims that, at the time of the alleged injuries to the plaintiff, if such injuries were received, the plaintiff had exclusive charge and control of the cylinders and the department of the works of the defendant in which the cylinders were placed, and that no one had anything whatever to do with the management of said cylinders except the plaintiff, and that, if any accident occurred resulting in the serious injuries complained of by plaintiff, it was by virtue of plaintiff's own fault and carelessness, in negligently attending to his own duties, and by not properly using the means in his hands and provided by the defendant for the plaintiff's safety in operating said cylinders, in this: that each cylinder can be run and stopped independently of any others; that the engine is run steadily night and day, but by means of levers any one of the cylinders can be stopped when required without interfering with the engine or other cylinders or machinery; that, as a means of safety, there is a rope attachment which, when thrown over the levers used for the purpose of disconnecting the cylinders from the machinery, prevents the starting or putting in motion of the cylinders until the one is charged and the lever released by removing said rope and pulling the lever in the opposite direction; that this lever and rope, as safety attachments, were on the cylinder in charge of plaintiff at the time that the accident complained of occurred, and that the defendant carelessly and negligently neglected to put the rope in its proper place, and over the lever, so as to prevent the starting of the cylinder until after he had removed the manhead and placed the screen-opening on the cylinder for the purpose of emptying the same; all of which the defendant says was the duty of the plaintiff to do, and that the injuries, if any, received by the plaintiff, were due to the plaintiff's carelessness in this respect.

By the third defense, the defendant denies that Benjamin Wilkinson was in charge of said work, and denies that he had any manage-ment thereof, but says on the contrary the said Wilkinson was, at the time when the plaintiff claims to have received the injuries mentioned in the petition, employed by the defendant to run the engine, oil the machinery, and keep the belts in order, and nothing more; and that he had no control over the plaintiff or over the department in which the plaintiff had sole charge of the cylinders, and that if said Wilkinson did throw the belt on the pulley of the cylinder, causing the same to revolve rapidly, as alleged in plaintiff's petition, the said engineer acted upon his own responsibility, and without the consent and direction, and against the positive instructions of the defendant.

To this answer the plaintiff has filed a reply, in which he denies all the material allegations contained in this answer. In brief, then, in the petition the plaintiff claims he received the injury he complains of, by reason of the negligence of the defendant, and without any fault on the part of the plaintiff. And the defendant claims that, if the plaintiff received an injury, he received it by reason of his own negligence, or that his negligence contributed to the injury, or that if the injury was caused in any degree by the negligence of Benjamin Wilkinson, said Wilkinson was a fellow-servant of the plaintiff, for whose negligence as fellow-servant the defendant would not be liable.

These pleadings, the plaintiff's petition, the defendant's answer and the plaintiff's reply thereto, make up what are called the issues or questions between the parties to the case.

By them the plaintiff asserts certain facts to be true, and the defendant says they are not true. This casts upon the plaintiff the burden of establishing by a preponderance of the evidence, that the plaintiff received an injury while in the employ of the defendant, through the negligence of the defendant, and without any fault of the plaintiff.

In civil actions, facts or propositions are not required to be established beyond a reasonable doubt, nor are they required to be clearly proven. It is only required that they be established by a preponderance of the evidence.

By a preponderance of the evidence is meant the greater weight of evidence. A proposition is said to be established by a preponderance of the evidence when there is a greater weight of evidence in favor of than against it. If, when weighed and considered, the evidence is founded to be exactly evenly balanced, the party on whom rests the burden of proof must fail; but if the weight of evidence is found to preponderate in his favor, no matter how slight the preponderance, then the matter should be decided in his favor. A preponderance of the evidence in the case is not alone to

be determined by the number of witnesses testifying to a particular fact, or state of facts. In determining on which side the preponderance of the evidence is, the jury should take into consideration the opportunities of the several witnesses for seeing and knowing the things about which they testify, their conduct and demeanor while testifying, their interest or absence of interest, if any, in the result of the suit, the probability or improbability of the truth of their several statements, in view of the evidence, facts, and circumstances proven at the trial, and from all these circumstances determine upon which side is the weight or preponderance of the evidence.

According to these rules and instructions, you will proceed to determine the question between the parties in the case, and I shall now give them to you.

First: Did the plaintiff, while in the employ of the defendant, receive a personal injury?

Second: Did he receive such injury by reason of the negligence of the defendant,

Third: If the plaintiff did receive a personal injury by reason of defendant's negligence, was the plaintiff himself free from negligence?

I will call your attention to these propositions more particularly and in the order in which I have just stated them.

First: Did the plaintiff, while in the employ of the defendant, receive the personal injury which he complains of? As to this proposition you will look solely to the evidence: I can say but little that will aid you in determining that.

Second: If he did receive such injury, was it by reason of the negligence of the defendant? This proposition involves several questions. In the first place it is necessary for you to understand what is meant by negligence. And I say to you that, generally, negligence is the failure of the party to exercise that degree of care which men of common prudence usually and ordinarily exercise under the same or like circumstances.

Now, on the question as to whether or not there was negligence on behalf of the defendant it is necessary for the plaintiff to show, by a preponderance of the evidence, that Benjamin Wilkinson did the act which caused the plaintiff's injury. That is, it is necessary for the plaintiff to show, by a preponderance of the evidence, that Benjamin Wilkinson started this cylinder in motion, and that by starting it he caused the injury to the plaintiff of which he complains. It is not only necessary to show that Wilkinson started the machine, but it is necessary for the plaintiff to show that he did it negligently; that in doing it he did not exercise that care and caution which men of common prudence would ordinarily exercise in respect to that matter, under the same or like circumstances. Now you will look to the testimony and all the facts and circumstances, and if you find, by a preponderance of the evidence, that Benjamin Wilkinson did set this cylinder in motion, and thereby caused the injury to the plaintiff, then you should consider whether or not he did it negligently; that is, whether or not he exercised that degree of care that a prudent man would ordinarily exercise under those or similar circumstances.

But this is not all. In order to charge the defendant with such negligence, if you find that Wilkinson did this and did it negligently, and that such negligence caused plaintiff's injury, you must further find that he was, for the time being at least, the representative of the owners or operators of this factory, that he had some power or authority or control over the plaintiff in connection with the work which the plaintiff was then engaged in. In order to be the representative of the defendant, he must have had authority to direct and control the plaintiff in manner of doing the work in which the plaintiff was then engaged. The plaintiff in the performance of his duties must have been subject to the orders and direction of the said Wilkinson, who must have had some control and authority over the plaintiff. If Wilkinson did not have such power and control and authority to direct the plaintiff in the management of his work, the plaintiff and Wilkinson would be fellow-servants, and the defendant would not be liable to the plaintiff for the injury occasioned to him by the negligence of the fellow-servant. I say to you that Wilkinson must have had some authority, some control, over the defendant. It is immaterial by what manner he was commissioned with such authority if he in fact did have it. It is unnecessary that there should have been any express direction or instruction from some one in authority in order to constitute the man Wilkinson the representative of the defendant.

It would be sufficient if the manager or the vice-president, or some one who is conceded to be the authorized representative of the defendant, recognized Wilkinson as having authority and acquiesced in his management and control of the plaintiff, and regarded him as being in control of the plaintiff, and having authority to direct the plaintiff.

Now if Wilkinson did not represent the defendant, did not have control over the plaintiff, did not have authority to direct in his employment, then the plaintiff and Wilkinson would be fellow-servants, and the plaintiff could not recover, notwithstanding the injury may have been caused by the negligence of Wilkinson, and in that event your verdict should be for the defendant.

Vol 8—41.

[COPYRIGHT, 1901, BY CARL G. JAHN.]

But if you find on this proposition in favor of the plaintiff; that is, if you find that the defendant was guilty of negligence under the instructions which I have given you, and that such negligence caused the injury to the plaintiff then you will look to the testimony to see, whether or not the plaintiff was free from negligence.

The law imposes upon the plaintiff the duty to exercise care for his own safety, for if the plaintiff himself was guilty of negligence, which in any way contributed towards the injury; that is, assisted in the bringing it about, the plaintiff cannot recover, unless Wilkinson, after he became aware, or ought to have become aware of the plaintiff's danger, failed to use ordinary care to avoid injuring the plaintiff. If, as the defendant claims, the plaintiff did not use the devices for his safety which the defendant claims had been provided for that purpose; that is, if the plaintiff did not use the strap or rope, if you find there was a strap or rope there for the purpose of guarding the lever, such ommission on the part of the plaintiff would not be such negligence on his part as would prevent his recovery provided you find · that the defendant was guilty of negligence, and provided further that you find that Wilkinson in the exercise of such care as a reasonable man would ordinarily exercise under such circumstances, might have seen and konwn that the plaintiff was upon this cylinder engaged ·in the discharging of it at the time he started the cylinder, if he did start it.

In order to recover in this action, as I have already said, it devolves upon the plaintiff to show, by a preponderance of the evidence, that the defendant was negligent in the respects complained of, to which I have called your attention, and he must further show that the negligence complained of was the sole cause of his injury, and that it was not caused in part by the negligence of the plaintiff himself. I desire to call your attention to the fact that I have said that the negligence must be the negligence complained of in the petition. It is immaterial whether or not the defendant was negligent in other respects.

In order to recover in this action, it must appear that the defendant was negligent in the respects of which the plaintiff complains in his petition. Unless the plaintiff has established each and all of these propositions to which I have called your attention, your verdict should be for the defendant. But if you find that the plaintiff has established all these propositions to which I have called your attention as being essential to the right to recover, your verdict should be for the plaintiff; and it will then be necessary for you to consider and determine the amount of damages the plaintiff should recover, by your verdict; and if you find he is entitled to recover, you should allow him such sum as will fairly recompense him for the injury which he has received, and this would include the loss of time, taking into consideration what the testimony may show as to the value of his services, and the value of his time, also take into consideration his physician's fees. Whatever sum he has expended, if any, or whatever debt he has properly incurred in order to effect a cure, should be considered and whatever amount is reasonable for that should be allowed. Also any necessary expenses incurred in the way of nursing in order to properly care for his injuries; and you should also look to see what, if any, physical suffering or pain he may have sustained and endured by reason of such injury. Take all these into consideration, and make such fair allowance for them as in your judgment you may think right and proper. The amount should be reasonable.

You should look to the evidence and see whether or not the injuries which he may have sustained are likely to be permanent or not, and, if permanent, make such allowance as is right and proper under all the circumstances, taking into account what the evidence may show as to his probable earnings, if anything, and allow him as much as in your judgment will be right and proper, and thus fairly and reasonably compensate him for the injury he has sustained.

You may now retire.

The defendant, at the time, excepted to the court's charge to the jury, as follows:

1. To that part of the charge relating to the authority which Wilkinson had which constituted him the agent of the defendant so as to bind the defendant by his acts.

2. As to contributory negligence on the part of the plaintiff, especially where it relates to the use of the devices for his safety.

3. To the part of the charge relating to the fact, that even though the plaintiff did contribute to his injury by his own negligence in not using these devices, if the defendant was also negligent through the man Wilkinson, plaintiff could recover.

The jury returned a verdict for the plantiff.

*H. R. Hill, A. H. Clark,* and *J. A. Ambler,* for defendant.

*P. M. Smith* and *R. W. Taylor,* for Plaintiff.